SOUTHERN CREOSOTING CO. *v.* WHITFIELD.

[94 South. 452.   No. 22749.]

1. SALES. *Where seller is under contract to deliver f. o. b. cars, he must load them; delivery to carrier as agent of purchaser equivalent to delivery to purchaser if carrier charged with notice.*

Where a contract of sale provides or contemplates that the seller shall ship goods to a purchaser by common carrier and deliver them f. o. b. cars at the seller's point of shipment, the seller is under the duty of delivering the goods to the carrier and of either loading them into the carrier's cars himself or of paying the expense thereof. In such case the carrier is the agent of the purchaser and delivery to it is equivalent to delivery to the purchaser, provided delivery to the carrier has been made in such manner as to charge it with the duty of transporting the goods to the purchaser and of indemnifying the purchaser in event of their loss.

2. SALES. *Delivery of goods for transportation not complete until acceptance.*

The delivery of goods to a railroad company for transportation is not complete until they have been expressly or by necessary implication accepted by the railroad company.

3. SALES. *Delivery by seller of goods to carrier at seller's shipping point sufficient; seller's remedies on buyer's breach stated.*

When the seller, under a contract of sale by which he has agreed

to deliver the goods sold to a common carrier for transportation to the purchaser, tenders the goods to the carrier for transportation to the purchaser, and it refuses to receive and transport them, he has complied with his duty to the purchaser and may treat the contract of purchase as having been breached by the purchaser and sue the purchaser for any damage thereby caused him; or he may retain the goods as the property of the purchaser constituting himself the purchaser's bailee thereof, in which event he assumes the duty of caring for the goods and of holding them subject to the order of the purchaser.

4. Sales. *Purchaser may ratify refusal of carrier to accept goods so far as rights under contract concerned.*

Where a contract of sale provides that the goods sold must be delivered to a carrier for transportation to the purchaser within thirty days, the purchaser is under no obligation to accept them if delivered to the carrier after the expiration of the thirty days; and consequently, if the carrier refuses to accept them for transportation, the purchaser has the right to ratify such refusal by the carrier in so far as it affects the purchaser's rights and obligations under the contract.

Appeal from circuit court of Pearl River county.

Hon. G. Wood Magee, Special Judge.

Action by B. Whitfield against the Southern Creosoting Company. From a judgment for plaintiff, defendant appeals. Reversed, and judgment for defendant.

*Currie & Smith,* for appellant.

*Gex, Waller & Moore,* for appellee.

No brief found in the record for either side.

Smith, C. J., delivered the opinion of the court.

This is an action at law by the appellee to recover from the appellant, a corporation created under the laws of the state of Louisiana and domiciled at Slidell in that state, the price of eighty-seven yellow pine poles which the appellant had purchased from him. Process was served on

an agent of the appellant, and it appeared and filed two
pleas to the jurisdiction of the court which seemed to set
forth: (1) The person on whom the process was served was
not such an agent as the statute requires therefor; (2) the
process was not served in the proper county; and (3) the
appellant is not doing business in Mississippi. These pleas
were tried by the court without a jury and overruled,
whereupon the appellant filed a plea of the general issue
and the cause proceeded to a trial on the merits. The
declaration contains two counts, one for goods sold and
delivered, and another for goods bargained and sold. The
evidence on the merits in substance is that on February
27, 1920, the appellant gave the appellee a written order
for seven hundred yellow pine poles of certain quality and
dimensions to be delivered f. o. b. cars at the appellee's
shipping point within thirty days, the price to be paid
therefor being also stipulated in the order. The appellee
shipped to the appellant and received payment for one
hundred forty poles. The appellee's shipping point is
Carriere, Miss., and the only railroad there is the New Or-
leans & Northeastern Railroad. He placed the eighty-
seven poles, the contract price for which is now sued for,
on the railroad right of way, and called on the railroad
company for, but was refused, cars in which to load them
for transportation to the appellant. He then notified the
appellant that he had so placed the poles and requested it
to furnish cars for their transportation. These poles, ac-
cording to the appellee, were in good condition and com-
plied with the specifications of the contract when placed
by him on the railroad right of way, but were rejected by
the appellee about sixty days after the contract was en-
tered into for the reason that they were claimed by the ap-
pellant to have begun to rot. They were allowed to remain
on the railroad right of way by the appellee, and were still
there when the cause was tried more than a year after they
had been placed there. It does not definitely appear from
the evidence when these logs were placed on the railroad
right of way, and they may have been placed there after

the expiration of the thirty days in which the delivery was to have been made. At the close of the evidence, the court refused to instruct the jury to find for the defendant, but instead instructed it to find for the plaintiff, and there was a verdict and judgment accordingly, from which the defendant has appealed to this court.

Whether the court erred in overruling the pleas to its jurisdiction is of no consequence, and the evidence relative thereto is not herein set forth for the reason that, as will hereafter appear, the judgment of. the court below must be reversed on another ground and final judgment rendered here for the appellant.

On the merits counsel for the appellant seem to present two contentions: (1) That the appellee cannot recover on the contract for the sale of the poles for the reason that he has not delivered all of the poles thereby purchased by the appellant and he cannot recover the price or value of the poles alleged to have been delivered and not paid for because of the special contract; and (2) that the poles sued for were not delivered or tendered to the railroad company for transportation to the appellant at all, certainly not within the thirty days provided by the contract. Because of the unsatisfactory state of the evidence and since the judgment of the court below must be reversed on another ground, we will pretermit any discussion on the first of these propositions.

Where a contract of sale provides or contemplates that the seller shall ship the goods to a purchaser by common carrier and deliver them f. o. b. cars at the seller's point of shipment, the seller is under the duty of delivering the goods to the carrier and of either loading them into the carrier's cars himself or of paying the expense thereof. *Griffin* v. *Edward Eiler Lumber Co.,* 122 Miss. 265, 84 So. 225; 23 R. C. L. 1337. In such case the carrier is the agent of the purchaser and delivery to it is equivalent to delivery to the purchaser (*Planters' Oil Mill Co.* v. *Falls*

the carrier has been made in such manner as to charge it with the duty of transporting the goods to the purchaser and of indemnifying the purchaser in event of their loss (2 Meacham on Sales, section 1183; 23 R. C. L. 1425; 20 Ann. Cas. 1027, note; Ann Cas. 1916A, 1046, note). The delivery of goods to a railroad company for transportation is not complete until they have been expressly or by necessary implication accepted by the railroad company, and there is no pretense here, either that the poles were accepted by the railroad company for transportation to the appellant, or that they were placed on the railroad right of way for that purpose in accordance with a rule or custom of the company that delivery to it could be thus made. At most, the evidence discloses only that the appellant tendered the poles to the railroad company for transportation to the appellant and the company refused to accept them. This arises because from the evidence he seems, after placing the poles on the railroad right of way, to have called on it for and was refused cars in which to load them. At least, we will assume this to be the fact for the purpose of this discussion. When the seller under a contract of sale of the character under consideration tenders the goods sold to the carrier for transportation to the purchaser and it refuses to receive and transport them, he has complied with his duty to the purchaser and may treat the contract of purchase as having been breached by the purchaser and sue the purchaser for any damages thereby caused him; or he may retain the goods as the property of the purchaser constituting himself the purchaser's bailee thereof, in which event he assumes the duty of caring for the goods and of holding them subject to the order of the purchaser. 24 R. C. L., p. 90, section 356, 359, 360. This, however, appellee did not do; consequently he cannot recover the contract price of the poles.

It is not clear from the evidence whether the appellee had the poles ready for delivery to the railroad and was refused by it the cars in which to load them within the thirty days within which the poles were to have been delivered

under the contract; but, if the tender thereof to the railroad was made after the expiration of this thirty days, the appellant was under no obligation to accept them unless it had either expressly or impliedly waived this limitation on the time within which the delivery should have been made, and consequently it had the right, in the absence of such a waiver, to ratify the refusal of the railroad company to accept the goods in so far as such refusal affects its (the appellant's) rights and obligations under the contract. In any event, as herein before stated, the appellee was not entitled to recover the contract price of the poles; but if not precluded by the first objection interposed to his recovery by the appellant as hereinbefore set forth, as to which we have expressed no opinion, he may have been entitled to recover the damage, if any, that he sustained because of the refusal of the appellant's agent to receive the poles; but such damage is neither claimed in the declaration nor shown by the evidence.

It follows from the foregoing views that, instead of directing a verdict for the plaintiff, the court below should have directed one for the defendant and rendered a judgment accordingly.

*Reversed, and judgment here for the appellant.*