ADAIR v. YAZOO & M. V. R. Co.*

(Division B. March 8, 1926.)

[107 So. 371.   No. 25482.]

CARRIERS.   *Goods being collected by owner on station platform till he has carload held not so delivered and accepted as to render carrier liable as insurer.*

There is not such delivery and acceptance of property for immediate shipment as to raise a contract for transportation, rendering the carrier responsible as an insurer, though the goods be not immediately put in transportation, where, at time of fire destroying the property, the owner, according to his custom, and with knowledge and consent of the company's local agent, is accumulating cotton on the station platform till he shall have enough for a carload shipment.

---

*Corpus Juris-Cyc. References: Carriers, 16 CJ, pp. 221, n. 72; 224, n. 95; 225, n. 99, 1; 226, n. 5, 6; As to what constitutes delivery of freight to carrier, see notes in 32 L. R. A. (N. S.), 313; L. R. A., 1916C, 608; 22 A. L. R., 971; 4 R. C. L., p. 689; 1 R. C. L. Supp., 1198; 4 R. C. L. Supp., p. 288; 5 R. C. L. Supp., p. 251.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Action by W. T. Adair against the Yazoo & Mississippi Valley Railroad Company.   Judgment for defendant, and plaintiff appeals.   Affirmed.

*Everett & Forman,* for appellant.

The railroad company is liable to the plaintiff for the loss sustained for the reason that the plaintiff had requested cars in which to ship his cotton; the defendant had agreed to furnish the cars, but only furnished one car, which was loaded, and then directed the plaintiff to deliver the bales of his cotton which were to be shipped at that time by placing them on the platform of the railroad company, under which instruction the plaintiff acted and so delivered his cotton to the railroad. *Y. & M. V. R. R. Co.* v. *Crawford,* 107 Miss. 355, 65 So. 462; *Y. & M. V. R. R. Co.* v. *Fisher Bros.,* 102 Miss. 702.

It is true no bill of lading had been issued by the defendant for this cotton, but that was not necessary. *Tate* v. *Y. & M. V. R. R. Co.,* 78 Miss. 842; 6 Cyc., pp. 412-13-17-27; 4 R. C. L. 692. Actual notice to the railroad company's agent of the delivery of the goods for shipment is sufficient to bind the railroad company for their loss. *Southwestern R. R. Co.* v. *Webb,* 47 Ala. 585; *O'Bannon* v. *Southern Exp. Co.,* 51 Ala. 481; *Kansas City R. R. Co.* v. *Lilly,* 8 So. 644.

It is our contention that delivery to the railroad company was completed, the cars having been requested, promised but not furnished, and under the direction of the depot agent, who had full authority for the defendant, the cotton was placed on the platform of the defendant. 4 R. C. L., par. 167, pp. 688-89; 4 R. C. L., par. 170, 692.

Therefore, we submit that the proof in this case brings the declaration clearly within the authorities above cited, and that this case should be reversed.

*Clinton H. McKay, Chapman, Moody & Johnson, Chas. N. Burch* and *H. D. Minor,* for appellee.

The facts here are undisputed. "When the facts are admitted, the question as to what constitutes delivery

and acceptance of goods is a question of law for the court.'' 4 R. C. L., p. 692, sec. 170.

I. *Defendant's liability as a carrier had not attached.* It is perfectly clear that this thirty bales of cotton (part of an intended carload shipment) had not been delivered to and accepted by defendant for immediate transportation. No bill of lading had been issued. No data on which to issue a bill of lading had been furnished defendant's agent. He did not know by whom the cotton was to be shipped, nor the number of bales, nor the destination, nor the name of the consignee, nor did he know the gin and tag numbers on the bales. Indeed, plaintiff did not intend or expect to offer the cotton for immediate transportation until he had hauled a sufficient number of additional bales to complete a carload shipment. The cotton was not in the exclusive custody of defendant as a common carrier for immediate transportation at the time of the fire. Defendant had no right to exercise any dominion over it.

The general rule as to when delivery to the carrier is complete is stated in 4 R. C. L., p. 688, section 167. As to how far the question of complete delivery to the carrier may be affected by the lack of a shipping contract or bill of lading, see 4 R. C. L., p. 695, sec. 173; 10 C. J., p. 224 *et seq.,* sec. 309. And with respect to the effect of the failure to give the carrier shipping instructions, see 10 C. J., p. 226, sec. 311.

Applying these general principles to the facts of the case at bar, it is apparent at once that the cotton here involved had not been delivered to and accepted by the defendant as a common carrier for immediate transportation at the time of its destruction by fire. This court has repeatedly applied these general principles in passing upon the question now before the court. *R. R. Co.* v. *Lilly,* 8 So. (Miss.) 644; *Tate* v. *R. R. Co.,* 78 Miss. 842; *Anderson* v. *R. R. Co.,* 38 So. (Miss.) 661; *Hill Mfg. Co.* v. *R. R. Co.,* 117 Miss. 548; *Shepherd Cotton Co.* v.

*R. R. Co.,* 118 Miss. 464; *Southern Creosoting Co.* v. *Whitfield,* 130 Miss. 476.

II.   But it is contended by plaintiff that the failure to have an empty car at the station, into which the cotton could be loaded as it was hauled in from the country instead of placing it on the platform, caused the liability of defendant *as a carrier to attach,* even though at the time of the fire a full carload had not been accumulated, and plaintiff did not intend to ship less than a carload and had not furnished defendant any shipping instructions or data on which to issue a bill of lading, nor demanded, nor desired a bill of lading.

*That carrier's liability had not attached is settled by decisions of this court. Kansas City, M. & B. R. Co.* v. *Lilly et al.,* 8 So. (Miss.) 644. The exact contention was made in the Lilly case as is made here. The leading case in this state upon the subject is *Tate* v. *Yazoo & Miss. R. R. Co.,* 78 Miss. 101. See, also, *Anderson* v. *Mobile & Ohio R. R. Co.,* 38 So. (Miss.) 661; *Hill Mfg. Co.* v. *R. R. Co.,* 117 Miss. 548; *Shepherd Cotton Co.* v. *R. R. Co.,* 118 Miss. 464; 2 Hutchinson on Carriers, sec. 113.

III.   This court has held that delay in furnishing a car necessitating the placing on a cotton platform is not the proximate cause of the destruction of such cotton by fire. *R. R. Co.* v. *Millsaps,* 76 Miss. 855; *Wharf Boat Ass'n* v. *Wood & Co.,* 64 Miss. 661; *R. R. Co.* v. *Reeves,* 10 Wall. 176, 19 L. Ed. 909; *Cau* v. *R. R. Co.,* 194 U. S. 427, 48 L. Ed. 1053.

IV.   *Defendant's permission or consent to the placing of the cotton on platform does not render it liable as carrier.* The most that can be claimed is that the action of defendant's agent in permitting the plaintiff to accumulate the cotton on the cotton platform, either with his express consent or by his acquiescence, and for plaintiff's convenience, made the defendant a gratuitous bailee

or a bailee for the mutual accommodation of both parties. 4 R. C. L., sec. 167, p. 688 *et seq.* Even if defendant had become a bailee for hire, or warehouseman, under these facts (*Shepherd Cotton Co.* v. *R. R. Co.,* 118 Miss. 464), it could only be held responsible for the destruction of the cotton by fire in the event its negligence or the negligence of its agents or servants had caused or proximately contributed to the loss (*R. R. Co.* v. *Hughes,* 94 Miss. 242; *R. R. Co.* v. *Blum,* 102 Miss. 303), and since there is no suggestion of such negligence in the record in this case, no liability can be predicated on this theory.

Argued orally by *Frank Everett,* for appellant, and *Clinton H. McKay,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellant, W. T. Adair, brought this action in the circuit court of Sunflower county against appellee, Yazoo & Mississippi Valley Railroad Co., to recover the sum of one thousand three hundred nineteen dollars and ten cents, with interest, as fire damage to thirty bales of his cotton while located on appellee's platform at Doddsville, a station in this state on its line of railroad. The basis of liability relied on by appellant is that appellee held the thirty bales as a common carrier, and therefore an insurer, upon the theory that the cotton had been delivered by appellant to appellee for immediate transportation. The testimony only on behalf of appellant was heard. At its conclusion, on motion of appellee, it was excluded and a verdict directed for appellee. A judgment was accordingly entered, from which appellant prosecutes this appeal.

Appellant owned a plantation about three miles from appellee's station, Doddsville. Upon this plantation appellant, among other things, produced cotton, which he hauled to Doddsville and shipped over appellant's line of railroad in carload lots. Appellant had thirty

bales of cotton on appellee's platform at Doddsville which were damaged by fire from an unknown origin. This thirty bales of cotton was part of a carload lot which appellant intended to ship over appellee's railroad. Thirty bales were not sufficient to fill one car. At the time of the fire appellant was engaged in accumulating on appellee's platform at Doddsville a sufficient number of bales to make out a carload. This was appellant's custom, and was done with the knowledge and consent of appellee's agent at Doddsville. The thirty bales damaged by fire, which constituted a part of a carload, were placed by appellant on appellee's platform, with the knowledge and consent of its agent at Doddsville that it was being accumulated until a sufficient number of bales were so placed to constitute a carload. Appellant had requested cars for the shipment of his cotton, and one car had been furnished, loaded, and shipped at the time the thirty bales, which were damaged by fire, were placed on appellee's platform. No car had been furnished for this latter shipment. When the fire occurred, appellant had neither requested nor been furnished a bill of lading by appellee for the thirty bales of cotton so placed on its platform; neither had appellant given appellee shipping directions for the cotton. Appellee received the cotton on its platform for shipment later when a carload had been accumulated. The testimony in the case was without conflict. There was no question for the jury, therefore. The question was one of law for the court. The trial court held that there was no liability on the part of the appellee for the damage to appellant's cotton. The question is whether appellee held appellant's cotton as a common carrier, and therefore as an insurer.

A contract with a common carrier for transportation of property is one of bailment. Under such a contract, in order to charge the carrier with the loss of the property, it is necessary to establish the fact that the property was delivered to and accepted by the carrier for the

purpose of transportation. Until such delivery and acceptance, the carrier is not responsible as an insurer. The carrier's liability as such begins at the moment when the shipper surrenders the entire custody of the goods and the carrier receives complete control thereof for the purpose of immediate shipment. When that takes place, the delivery is complete, regardless of whether the goods are immediately put *in transitu* or not. Where the goods are not ready for shipment, and are delivered to the carrier to be stored for a time, or until further order of the shipper, or until the happening of some contingency or compliance with some condition, the carrier is a mere warehouseman, and its liability is measured by the principles governing that relation. If a portion only of the goods to be carried is delivered to the carrier, and is lost or injured while awaiting the delivery of the remainder, the liability of the carrier is that of a warehouseman and not of common carrier. This is true, because in such a case the duty of immediate transportation has not arisen. In order to hold a carrier liable as such, the shipper must have released the goods for immediate shipment, and must have surrendered all control over them. 4 R. C. L. 688 *et seq.,* section 167; 4 R. C. L. 695, section 173; 10 C. J. 224 *et seq.,* section 309; 10 C. J. 226, section 311; *Railroad Co.* v. *Lilly* (Miss.), 8 So. 644; *Tate* v. *Railroad Co.,* 29 So. 392, 78 Miss. 842, 84 Am. St. Rep. 649; *Anderson* v. *Railroad Co.* (Miss.), 38 So. 661; *Hill Mfg. Co.* v. *Railroad Co.,* 78 So. 187, 117 Miss. 548; *Shepherd Cotton Co.* v. *Railroad Co.,* 78 So. 193, 118 Miss. 464; *Southern Creosoting Co.* v. *Whitfield,* 94 So. 452, 130 Miss. 476.

Applying these principles to the uncontradicted facts of this case we think clearly justifies the action of the trial court in directing a verdict for appellee.

*Affirmed.*